IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WAYNE NEVILLE MORRIS,

              Petitioner,

   v.

MARION FEATHER, Warden, FCI Sheridan,

              Respondent.

3:14-cv-00884-AA

OPINION AND ORDER

WAYNE NEVILLE MORRIS
Fed. Reg. No. 28946-086
FCI Sheridan
P.O. Box 5000
Sheridan, Oregon 97378-5000

      Petitioner, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
District of Oregon
NATALIE K. WIGHT
Assistant U.S. Attorney
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

      Attorneys for Respondent

AIKEN, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is dismissed, without prejudice, for lack of jurisdiction.

## BACKGROUND

On April 1, 1999, petitioner was indicted for armed robbery and brandishing a firearm during the robbery. Petitioner summarizes the facts of the robbery as follows:

> On March 26, 1999, the petitioner drove his brother (co-defendant) to Key Bank in Shoreline, Washington, just outside of Seattle. While [petitioner] waited outside in a "little nook," petitioner's co-defendant went running into the bank, gun held out. Pointing his gun at a teller, the co-defendant put a blue gym bag on the teller's counter and demanded that the teller "put the money in the bag." He left the bank with over $30,000.
>
> The co-defendant ran across the street and got back in the car with the petitioner. The co-defendant shot at a police officer as they were sitting in traffic. While the Petitioner [was] driving, the two led the police on an extended car chase. During the chase, the co-defendant shot a FBI agent Roberta Burroughs. Just before the chase ended, the co-defendant fired shots again at a police officer. The petitioner finally stopped when he was shot and the car was disabled.

Pet.'s Memo. in Support of Habeas Petition (#3) at 1; *U.S. v. Morris*, 43 Fed. Appx. 150, 152 (9th Cir. 2002).

On October 27, 1999, a second superseding indictment was issued charging petitioner as follows: (1) conspiracy to commit bank robbery and to use and carry a firearm during and in relation to a crime of violence; (2) armed bank robbery; (3) *brandishing* a firearm during and in relation the bank robbery; (4) assault of a federal officer; and (5) *carrying and discharge* of a firearm during and in relation to an assault of a federal officer. *Id.* at 152-53; Resp.'s Response (#15), Exh. 2.[1] As to counts 2-5, petitioner was charged as an aider and abetter. *See* 18 U.S.C. § 2.

---

[1] Pursuant to 18 U.S.C. § 2, a person who "aids or abets" the commission of a criminal offense against the United States is punishable as a principal.

2 -- OPINION AND ORDER

On December 10, 1999, petitioner was convicted of all five counts. Resp.'s Response, Exh. 7. Petitioner was sentenced to a 528-month term of imprisonment, which included a 10-year sentence on count 3 (the mandatory minimum sentence for the *discharge* of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii)).[2] Petitioner appealed his conviction, arguing, *inter alia*, that his conviction on count 3, for aiding and abetting the use of a firearm during the bank robbery, must be vacated because the district court's imposition of the mandatory minimum sentence for *discharging* a firearm under 18 U.S.C. § 924(c)(1)(A)(iii) did not conform to the second superseding indictment charging him with *brandishing* the firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Morris*, 43 Fed. Appx. at 155. The Ninth Circuit rejected this argument based upon *Harris v. United States*, 536 U.S. 545 (2002), the controlling case law at the time:

> [T]he variance between the indictment and proof at trial did not abrogate Morris's Fifth Amendment rights, because the variance did not affect a crime element of § 924(c). Instead, "brandishing and discharging [are] sentencing factors to be found by the judge, not offense elements to be found by the jury." <u>Harris v. United States</u>, 536 U.S. 545, 122 S.Ct. 2406, 2414, 153 L.Ed.2d 524 (2002). These factors therefore "need not be alleged in the indictment. . . ." *Id.* at 2420. The second superseding indictment's allegation of "brandishment" was mere surplusage.
>
> Because the discharge of a firearm is a sentencing factor, not a crime element, its omission from the second superseding indictment did not abrogate Morris's Fifth Amendment rights. The variance between the indictment and proof at trial was not plainly erroneous.

*Morris*, 42 Fed. Appx. at 156 (footnotes omitted). The Ninth Circuit also concluded that a rational jury could conclude that petitioner aided and abetted his brother's brandishing or discharge of a firearm during the flight from the bank robbery, and in relation to the assault of a federal officer. *Id.*

---

[2] 18 U.S.C. § 924(c)(1)(A)(i) provides that anyone who uses or carries a firearm in relation to a crime of violence shall be sentenced to a term of imprisonment of not less than 5 years. However, if the firearm is brandished, the sentence shall be no less than 7 years, and if the firearm is discharged, the sentence shall be no less than 10 years. 18 U.S.C. § 924(c)(1)(A)(ii) & (iii).

at 155.

In June of 2013, the U.S. Supreme Court issued its decision in *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013), extending the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to facts that increase a mandatory minimum sentence. The Court reasoned that any fact that, by law, increases the penalty for a crime is a substantive element of the offense that must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2162-63. In so holding, the Court expressly overruled its prior decision in *Harris*:

> [B]ecause the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant *might* have received if a different range had been applicable. * * * The essential point is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt.
>
> Because there is no basis in principle or logic to distinguish facts that raise the maximum from those the increase the minimum, <u>Harris</u> was inconsistent with <u>Apprendi</u>. It is, accordingly, overruled.

*Id.* at 2162-63 (emphasis in original, footnotes omitted).

The Ninth Circuit recently held that *Alleyne* announced a new rule of criminal *procedure* which, like *Apprendi*, does not apply retroactively to permit a successive § 2255. *Hughes v. U.S.*, 770 F.3d 814, 818 (9th Cir. 2014); *see* 28 U.S.C. § 2255(h)(2).[3]

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012). An exception to this general rule exists if a § 2255

---

[3] Petitioner's reliance upon *U.S. v. Lira*, 725 F.3d 1043 (9th Cir. 2013), for his assertion that the Ninth Circuit has applied *Alleyne* retroactively on collateral review is misplaced given the fact that the defendant in *Lira* raised *Alleyne* on direct review of his conviction.

4 -- OPINION AND ORDER

motion is "inadequate or ineffective" to test the legality of the petitioner's detention, in which case the petitioner may bring a habeas corpus petition under 28 U.S.C. § 2241 in the custodial court. 28 U.S.C. § 2255(e); *Marrero*, 682 F.3d at 1192; *Alaimalo v. U.S.*, 645 F.3d 1042, 1047 (9th Cir. 2011). This exception is referred to as the "savings clause" or "escape hatch." *Marrero*, 682 F.3d at 1192; *Muth*, 676 F.3d at 818.

The remedy under § 2255 is inadequate or ineffective only if the petitioner demonstrates that he (1) is actually innocent; and (2) has not had an unobstructed procedural shot at presenting his claim. *Marrero*, 682 F.3d at 1192; *Muth*, 676 F.3d at 819. Proof of "actual innocence" requires a showing that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Marrero*, 682 F.3d at 1193; *Muth*, 676 F.3d at 819; *Alaimalo*, 645 F.3d at 1047. In other words, the petitioner must demonstrate actual innocence, not mere legal insufficiency. *Marrero*, 682 F.3d at 1193; *Muth*, 676 F.3d at 819. The burden to show that a § 2255 is ineffective or inadequate rests upon the petitioner. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

In the instant proceeding, petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, on the basis that *Alleyne* renders his conviction on count 3 unlawful because the indictment and the jury's verdict were at variance (as alleged in his direct appeal) and, therefore, the jury never found petitioner guilty of brandishing beyond a reasonable doubt. Respondent moves the court to dismiss this proceeding on the basis that petitioner's habeas petition is a disguised, successive § 2255 which must be brought in the sentencing court.[4]

Petitioner makes no factual showing that he did not aid and abet his brother in brandishing a weapon in relation to the bank robbery. On the contrary, petitioner's own recitation of the facts

---

[4] In 2004, petitioner filed his first motion under 28 U.S.C. § 2255, raising claims not relevant to this proceeding. *See Morris v. U.S.*, Case No. C04-0266C (W.D. Wash.). The district court denied the motion. *Id.*

5 -- OPINION AND ORDER

in his supporting memorandum to this court supports a finding that he is guilty of aiding and abetting both brandishing and discharging a firearm. Petitioner's Memo. in Support (#3) at 1. Moreover, the Ninth Circuit previously concluded that there was sufficient evidence to convict petitioner of brandishing the firearm (count 3). *Morris*, 43 Fed. Appx. at 155-56.

Petitioner offers no new evidence not previously considered by the Ninth Circuit on direct appeal. Hence, petitioner has failed to demonstrate that it is more likely than not that no reasonable juror would have convicted him of brandishing a firearm. Petitioner's contention that (1) his sentence on count 3 for discharging a firearm is at variance with the second superseding indictment charging brandishing; and (2) the jury, rather than the judge, should have decided whether he brandished or discharged a firearm (as required by the Supreme Court's *Alleyne* decision), are procedural arguments and do not demonstrate his *factual* innocence. *See Hughes*, 770 F.3d at 817 (holding that *Alleyne* announced new procedural, not substantive, rule); *Wynter v. Warden of Atwater USP*, 2015 WL 779046 *2 (E.D. Cal. Feb. 24, 2015) (petitioner failed to satisfy savings clause because "*Alleyne* claim presents a purely legal argument that does not suffice to show Petitioner's actual innocence").

Moreover, because *Alleyne* is not retroactive on collateral review, he does not have the benefit of that decision to support his claim of actual innocence. *See Hasan v. Feather*, 2015 WL 533255, *4 (D. Or. Feb. 5, 2015); *Pettaway v. Feather*, 2015 WL 128041, *2-3 (D. Or. Jan. 7, 2015), *appeal filed*, Feb. 11, 2015; *Spears v. Feather*, 2014 WL 2893279, *3 (D. Or. June 25, 2014). For all of these reasons, petitioner has failed to make the requisite showing of *factual* innocence and, therefore, has failed to demonstrate that a § 2255 motion is ineffective or inadequate to challenge the legality of his conviction and sentence. Consequently, this court lacks habeas corpus jurisdiction.

///

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DISMISSED, without prejudice, for lack of jurisdiction. Petitioner's motion for the court to take judicial notice of the fact that *Hughes* does not apply to his case (#29) is DENIED.

This court declines to transfer this case to the Western District of Washington in light of the fact that petitioner has made no showing that he has been granted permission to file a successive petition. *See* 28 U.S.C. § 2255(h). Hence, the interests of justice do not warrant a transfer under 28 U.S.C. § 1631. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 6th day of April, 2015

/s/ Ann L. Aiken
Ann L. Aiken
United States District Judge

7 -- OPINION AND ORDER